# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **WILMINGTON TRUST, N.A., as SECURITIES INTERMEDIARY** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 3:17-cv-185-SA-RP** |
| **LINCOLN BENEFIT LIFE COMPANY** | **DEFENDANT** |

## ORDER SEALING DOCUMENTS

Plaintiff Wilmington Trust, N.A., as Securities Intermediary, filed a motion under Local Uniform Civil Rules 5.2 and 79 and Federal Rule of Civil Procedure 5.2 to seal Exhibit B to Plaintiff's Response in Opposition to Motion to Dismiss. Docket 30. Plaintiff requests that the Court seal Exhibit B from public access because it contains sensitive personal information and explains that a redacted version will be refiled. *Id.*; *see* Docket 31. In support of its motion, Plaintiff cites this Court's order in *Equal Employment Opportunity Commission v. Faurecia Automotive Seating, LLC* for the proposition that "personal information (name, date of birth, social security number, address, work history, telephone number) triggers a privacy right that creates good cause for sealing." *Faurecia Auto. Seating, LLC*, 2017 WL 564051, at *2 (N.D. Miss. Feb. 10, 2017).

Rule 79 of the Uniform Local Civil Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Local Rule 79(d) instructs that "[n]o document may be sealed merely by stipulation of the parties." Rather "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." L.U. Civ. R. 79(b). The decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845,

848 (5th Cir. 1993). In doing so, the court must apply a "presumption in favor of the public's common law right of access." *Id*. at 849. Generally, where the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001).

As a preliminary matter, the Court grants Plaintiff's request to waive the requirement of a separate supporting memorandum. In light of the re-filed version of Exhibit B redacting personal information (Docket 31), the Court finds that the interest in protecting private information outweighs the public's interest and further, that the public's right of access is not impeded by the minimal redactions of sensitive personal information in the documents. Plaintiff's Unopposed Motion to Seal Documents is **GRANTED**. The Clerk's office is directed to seal Exhibit B to Plaintiff's Response in Opposition to Motion to Dismiss (Docket 26-2) from public access under L.U.Civ.R. 79(e)(3)(2).

**SO ORDERED**, this the 16th day of November, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE